**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1502

TANJANEKA JONES,

Plaintiff - Appellant,

v.

ELI LILLY AND COMPANY,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Albert David Copperthite, Magistrate Judge. (8:20-cv-03564-ADC)

Submitted: January 29, 2025                    Decided: July 2, 2025

Before NIEMEYER, WYNN, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Janice Williams-Jones, LAW OFFICE OF JANICE WILLIAMS-JONES, Ellicott City, Maryland, for Appellant. Matthew A. Fitzgerald, MCGUIREWOODS LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tanjaneka Jones appeals the magistrate judge's order[1] granting summary judgment to her former employer, Eli Lilly and Company ("Lilly"), on Jones's claims of sex- and race-based discrimination and retaliation.[2]  Jones, a Black woman, alleged that she was disciplined more severely than a White male coworker, even though both employees had exhibited similar performance deficiencies.  She further alleged that her supervisor retaliated against her after she complained to a human resources representative.  We affirm.

"We review a district court's grant of summary judgment de novo, construing all facts and reasonable inferences in favor of the nonmoving party."  *Schulman v. Axis Surplus Ins. Co.*, 90 F.4th 236, 243 (4th Cir. 2024).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Under the familiar *McDonnell Douglas*[3] framework, a plaintiff alleging employment discrimination bears "the initial burden of proving . . . her prima facie case by a preponderance of the evidence."  *Abilt v. Cent. Intelligence Agency*, 848 F.3d 305, 315 (4th Cir. 2017).  If the plaintiff makes this showing, "[t]he burden of production then shifts

---

[1] The parties consented to jurisdiction before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[2] Jones brought the race-based claims under 42 U.S.C. § 1981, and the sex-based claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, and Md. Code Ann., State Gov't § 20-606.

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

2

to the employer to . . . provide some legitimate, nondiscriminatory reason for the adverse employment action." *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016) (internal quotation marks omitted). If the employer satisfies this requirement, "the plaintiff resumes the burden of persuading the factfinder that the employer's proffered explanation is merely a pretext for discrimination." *Id.*

To establish a prima facie case of discrimination based on disparate discipline, "a plaintiff must show (1) that plaintiff engaged in prohibited conduct similar to that of a person of another race, color, sex, religion, or national origin, and (2) that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person." *Lightner v. City of Wilmington*, 545 F.3d 260, 264-65 (4th Cir. 2008) (internal quotation marks omitted).[4]   "The similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Id.* at 265.

We agree with the magistrate judge's determination that Jones's performance deficiencies were not similar enough to her comparator's. From 2014 to 2019, Jones served as a senior sales representative, selling diabetes products to physicians. Several times during her tenure, Jones received negative feedback about the quality of her sales calls, such as lacking adequate technical knowledge and failing to engage in "pre-call planning"

---

[4] Jones complains that the magistrate judge incorrectly applied a different prima facie test to her discrimination claims. We conclude that any such error is harmless because, as discussed herein, the magistrate judge properly determined that Jones's comparator evidence was insufficient.

and meaningful sales conversations. The frequency of these criticisms increased toward the end of her time with Lilly: for Jones's 2018 annual review, her supervisor indicated that she was not meeting job expectations; in the spring of 2019, a different supervisor complained about her pre-call planning and advised that she would be placed on a performance improvement plan; in August 2019, a third supervisor advised that Jones was not improving; and in October 2019, Jones was placed on probation.

By contrast, Jones's comparator was praised for his pre-call planning and customer skills. And while he did have some blemishes with the quality of his customer interactions, most of his deficiencies concerned either the quantity of his customer contacts or problems unrelated to customer issues. Moreover, evidence in the record shows that Jones received criticism for her sales call performance as early as 2015, yet she fails to identify any evidence suggesting that her comparator's shortcomings had likewise persisted for several years. Thus, because Jones and her comparator did not engage in similar prohibited conduct, we conclude that she failed to establish a prima facie case of discrimination based on disparate discipline.

Next, we turn to the retaliation claims, which are also subject to the *McDonnell Douglas* framework. *Evans v. Int'l Paper Co.*, 936 F.3d 183, 194 n.5 (4th Cir. 2019). "A prima facie case of retaliation requires proof that: (1) the plaintiff engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018).

4

Although the magistrate judge found that Jones discharged, albeit barely, her initial burden of establishing a prima facie case of retaliation, we find that Jones's claims actually failed on the third prong.  Regarding causation, Jones relied solely on the temporal proximity between her complaints to the human resources representative in August 2019 and her placement on probation in October 2019.  In some instances, temporal proximity between a protected activity and an adverse employment action is sufficient to establish causation at the prima facie stage.  *Strothers v. City of Laurel*, 895 F.3d 317, 336-37 (4th Cir. 2018).  However, "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006) (internal quotation marks omitted).

As illustrated above, Jones was repeatedly admonished for inadequate pre-call planning, resulting in her placement on a performance improvement plan two months before she engaged in a protected activity.  Given Jones's track record, we cannot infer, based simply on temporal proximity, that the subsequent decision to place her on probation was made in retaliation for her complaints to human resources.

Accordingly, we affirm the magistrate judge's order granting summary judgment to Lilly.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5